**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Erby Torres,                                                  Case No. 3:16CV2157

          Petitioner

      v.                                                 **ORDER**

Neil Turner, Warden,

          Respondent

This is a state prisoner's habeas case under 28 U.S.C. § 2254.

In 2009, the petitioner, Erby Torres, pleaded guilty in the Common Pleas Court of Putnam County, Ohio, to two counts of rape involving a victim – Torres's own daughter – who was less than thirteen years old and three counts of rape involving the use or threatened use of force. *See* O.R.C. §§ 2907.02(A)(1)(b) & 2907.02(A)(2). The trial court sentenced Torres to fourteen years' imprisonment.

Torres did not take a direct appeal, nor did he launch a collateral attack on his conviction until 2015. At that time he moved for postconviction relief and to withdraw his guilty plea, but the trial court denied the motions. Further proceedings in the state appellate system came to naught.

Torres then filed his § 2254 petition on July 11, 2016. He appears to allege that his guilty plea was involuntary. (Doc. 1 at 5, 15–18).

Pending are: 1) the respondent's motion to dismiss the petition as untimely (Doc. 7); and 2) Torres's motion for an evidentiary hearing (Doc. 11). For the following reasons, I grant the motion to dismiss and deny the motion for an evidentiary hearing as moot.

## A. Timeliness

### 1. The Petition Is Untimely under § 2244(d)(1)(A)

Habeas petitions are subject to a one-year limitations period that runs from the latest of four possible dates. 28 U.S.C. § 2244(d)(1)(A)–(D).

Under § 2244(d)(1)(A), which supplies the applicable start date,[1] the statute begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A judgment of conviction becomes final either "when th[e Supreme] Court affirms a conviction on the merits or denies a petition for certiorari" or "when the time for pursuing direct review in th[e Supreme] Court, or in state court, expires." *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012).

Because Torres did not take a direct appeal, his judgment became final when the time to file a notice of appeal expired. That was on November 9, 2010, thirty days after sentencing. *See* Ohio R. App. 4(A); Ohio R. Crim P. 32(C). Torres's federal petition was therefore due by November 9, 2010, but Torres did not file his petition until nearly six years later.

### 2. Torres Is Not Entitled to Tolling

Absent some basis to toll the limitations period, I must dismiss the petition as untimely. The record provides no such basis, however.

---

[1] Torres's claim involves events that occurred at or before he entered his guilty plea.

### a. Statutory Tolling

By the time Torres moved for state postconviction relief in 2015, the limitations period under § 2244(d)(1) had already expired. Torres's postconviction petition thus had no tolling effect. *Board v. Bradshaw*, 805 F.3d 769, 776 (6th Cir. 2015).

### b. Equitable Tolling Based on Mental Incompetence

Nor has Torres shown that extraordinary circumstances beyond his control prevented a timely filing. Torres suggests that the "unbelievable harmful effects of this sham process" – that is, his supposedly wrongful conviction – "caused Petitioner a Mental Health breakdown," and that it was his diminished mental state that prevented him from filing his petition on time. (Doc. 14 at 12).

"[A] petitioner's mental incompetence can constitute an extraordinary circumstance" that warrants equitable tolling. *Stiltner v. Hart*, 657 F. App'x 513, 521 (6th Cir. 2016). Equitable tolling on the basis of mental incompetence is appropriate if: 1) the petitioner is in fact "mentally incompetent"; and 2) his mental incompetence caused the untimely filing. *Id.*.

But "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations." *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). "Rather, a causal link between the mental condition and untimely filing is required." *Id.*

Here, Torres has not show either that he was mentally incompetent or that there was a causal link between his mental state and the untimely filing.

For one thing, Torres's alleged mental incompetence did not, in Torres's own telling, set in until August, 2011. (Doc. 14 at 12) (Torres alleges that he sought mental-health services on August 3, 2011). But Torres's year to file expired in November, 2010, some nine months before the alleged

3

mental breakdown. Accordingly, Torres's mental state in 2011 could not have prevented a timely filing between November, 2009, and November, 2010.

For another, Torres has introduced no evidence that he was or is mentally incompetent.

He has simply introduced his own summary of the mental-health records on file with the prison. (*Id.* at 12–13). But those records reflect merely that Torres had experienced what he (rather than a trained professional) called "extreme stress/depression," that the legal process had "completely depleted his energy," and that Torres was "frustrated by his wrongful conviction." (*Id.* at 12, 13) (summary of mental-health records dated September 2, 2011, and January 3, 2012).

These records are insufficient to establish mental incompetence: they do not indicate any formal diagnosis, prolonged (or even temporary or emergency) hospitalization, a prescribed course of psychotropic or other mood-altering medication, or the like. *Cf. Ata*, *supra*, 662 F.3d at 743–45 (allegation that petitioner suffered lifelong paranoid schizophrenia that required, *inter alia*, hospitalization and medication warranted evidentiary hearing on equitable-tolling question).

Finally, there is no causal link between Torres's mental state and the late filing.

Despite experiencing "situational depression on emotional topics" – notably, depression "without significant symptoms of suicidal relation," – Torres "appear[ed]" to his mental-health counselor "sincere and motivated to make positive use of his life." (Doc. 14 at 12–13).

Indeed, according to this counselor, Torres "continues to try to figure out Angles of his sex offense case." (*Id.* at 14). And though the counselor noted Torres's belief that "his County's Justice is corrupt," the counselor concluded that Torres "does not seem to be able to bring a lot of evidence concerning this." (*Id.*).

These records reflect that Torres was able to, and in fact was trying to, pursue his legal claims. They do not show that Torres's mental condition had so deteriorated that it was "impossible to meet the filing deadline." *Stiltner*, *supra* 657 F. App'x at 522.

### c. Actual Innocence

Torres contends his case is a miscarriage of justice, but he does not point to any new, reliable evidence that would support a finding that he is "actually innocent" of the rapes that he swore in open court that he committed. Therefore, I cannot excuse his late filing under *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013).

### B. Evidentiary Hearing

Torres's request for an evidentiary hearing (Doc. 11) relates solely to his substantive claim for relief and is therefore moot.

### Conclusion

It is, therefore,

ORDERED THAT:

1. Respondent's motion to dismiss (Doc. 7) be, and the same hereby is, granted with prejudice;

2. Petitioner's motion for an evidentiary hearing (Doc. 11), be, and the same hereby is, denied as moot;

3. No certificate of appealability will issue, as reasonable judges would agree that the petition is untimely; and

4. In accordance with 28 U.S.C. § 1915(a)(3), I certify that an appeal from this decision could not be taken in good faith, and none shall be allowed absent prepayment of the filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge